## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**DELICATE DETAIL** *et al.*                                                              **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 3:09CV-786-S**

**LMDC JAIL** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Michael Jason Profitt filed suit in his own name and on behalf of Delicate Detail. As his grounds for filing this action in federal court, he states: "Criminal Theft Following me around today while at Foodstamp Office doing Contract Murders killing Gary Spencer locally for Asa Bin Laden for call Gary Price [illegible] Criminal Theft Tri-Stitch." As the statement of claim, Plaintiff Profitt writes:

> They stole Bis. Name Tri-stich LMDC Jail [illegible] inmate suites D. Doolya Admittance with jail assault Asa Laden [illegible] all members are planning Statue of Liberty Bombs in New York Samantha Delo Eddy Central State John Sparkling all members at 600 Federal [illegible] working illegal Treasury checks D. Doolya assault at LMDC jail waiting on [illegible] and admitted it in Falmouth K.Y. when they killed the dogs and at 226 Lynnwood drive Veisailles KY Criminal Theft by Mike Profitt Criminal Report check whole Report [illegible] Jim Clark [illegible] in jail Illegal Treasury checks Tim Riley working contract murders.

Plaintiff Profitt leaves the relief section of the complaint form blank.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The instant complaint meets this standard, necessitating dismissal of the action.

Moreover, Plaintiff Profitt cannot represent Plaintiff Delicate Detail because corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). It is insufficient that the person attempting to represent a business entity is an officer or principal stockholder in that entity. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

For the reasons set forth above, the instant action must be dismissed.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 5, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.005